## THE POTTSVILLE.

## THE JAMES H. MOORE.

(*District Court, D. Massachusetts.* August 7, 1885.)

COLLISION—VINEYARD SOUND—STEAMER AND SCHOONER—FOG—TORCH—MUTUAL FAULT—DAMAGES.

On examination of the evidence, *held*, that the steam-ship Pottsville was negligent in running at full speed in a dense fog in such a thoroughfare for vessels as Vineyard sound, and in failing to stop and reverse when the fog-horn of the schooner James H. Moore was first heard, and that the schooner was also negligent in not exhibiting a torch, and that the damages should be divided.

In Admiralty.
*J. C. Dodge & Sons*, for the James H. Moore.
*R. Stone*, for the Pottsville.

NELSON, J. This collision occurred in Vineyard sound, three miles west of West Chop, on the evening of the seventeenth of August, 1884. The wind was moderate from W. S. W., with thick fog. The schooner James H. Moore was on a voyage from Perth Amboy to Boston with a cargo of coal. She was under mainsail, foresail, and jib, with the wind directly aft. She was making from five to six knots. The Pottsville, a large sea-going steam-ship, was on a voyage from Salem to Philadelphia, light. Her course after passing West Chop was parallel with and nearly opposite to that of the Moore. She was going at full speed, from nine to ten knots. When the two vessels were from one-ninth to one-eighth of a mile apart, the fog-horn of the schooner was heard by the lookout on the steamer, and reported to the pilot; and was also heard in the pilot-house. The sound seemed to those on the steamer to come from over the port bow. By the master's order, the wheel of the steamer was put hard to port, to pass the schooner on the port side. The speed of the steamer was also reduced to one bell. Almost immediately afterwards, within a very short interval of time, the schooner's lights were seen by the steamer's lookout through the fog and reported. The steamer's engine was then put full speed astern, but too late to avoid the collision. She struck the schooner on her starboard side, a few feet abaft the fore-rigging, cutting her down to the water's edge, and sinking her almost instantly. The crew escaped in the boat, and were taken on board the steamer. The lookout of the steamer was killed by the falling of the foretop-mast, pulled down by the rigging of the schooner.

The error of the Pottsville was twofold. Driving the steamer at full speed in a dense fog, in such a thoroughfare for vessels as Vineyard sound, was a violation of the twenty-first sailing rule, which requires steam-vessels to go at moderate speed in a fog. *Second*, the failure to stop and reverse when the fog-horn was first heard, violated the same rule, which requires a steam-vessel, when approaching an-

other vessel so as to involve risk of collision, if necessary, to stop and reverse. The immediate cause of the collision was evidently the mistake of the lookout and master of the Pottsville, who, deceived by the sound of the fog-horn, apparently heard on the port bow, supposed the approaching vessel was coming on the port side, when, in fact, she was directly ahead, or on the starboard bow. The difficulty of distinguishing in a fog the exact direction from which sound proceeds, is well known to navigators, and this fact should have been taken into account by the master of the Pottsville. This he failed to do, and consequently his port wheel drove the steamer directly upon the schooner. The exact position of the approaching vessel could not be known, and hence there was risk of collision. In such a situation it was not sufficient merely to slacken speed. He should have stopped and reversed. If he had done this, the collision would, in all probability, have been avoided, or, at least, the damage would have been greatly diminished.

The charges against the Moore are that she changed her course, and did not show a torch. I do not think the first charge is proved, but it is admitted that no torch was shown. Her reply is that there was not time to show a torch, and that it would have done no good. There certainly was not time after the Pottsville's lights were first seen, but counting from when her fog-whistle was heard from over the starboard bow, which was several minutes before the lights came in sight, there was plenty of time. It is quite possible that a torch shown on deck would have been seen sooner than the schooner's lights. In that case the Pottsville's engines would have been reversed sooner, and at least the force of the blow and the consequent damage would have been diminished. I think this case must be governed by Judge LOWELL's decision in *The Hercules*, 17 FED. REP. 606.

There must be a decree for the libelants in each case, the damages to be divided.